WRIGHT, J.
An estoppel should be pleaded as such, a demurrer only admits what is well pleaded; it cannot set up an estoppel, nor can we notice an estoppel unless it is pleaded. The question is, does this evidence tend to prove the issue ? If it does, it is admissible, the policy may be offered in rebutting as the acknowledgment of the defendants, that such use of the store is not extra hazardous. The evidence is admitted.
Evidence having been given to show that the plaintiff, since he left this city and went into Kentucky, has there a quantity of valuable merchandise — ■
The defendants produced the .records of the insolvent commissioner, to show the plaintiff applied for, and obtained a discharge under the insolvent law, after the fire.
WRIGHT, J. The evidence is admissible to show a state of things inconsistent with his situation in Kentucky, from whence to infer the fraud of the plaintiff.
*The proceedings were read, by which it appeared that J. [550 *566 Harris, who had the goods in Kentucky, was discharged in December, 1831, having sworn that he had no property.
Storer and King for the plaintiff, and
Starr and N. Wright for the defendants.
The cause was argued to the jury by
WRIGHT, J. to the jury. The policy upon which this controversy arises, is upon a stock of dry goods valued at $2,000, against fire for five months from the 20th of October, 1829, to be void if the store during the continuance of the risk should be used in business hazardous or extra hazardous, as set forth in the schedule, unless the permission so to use is endorsed on the policy. The policy is in evidence, and does not include a night auction in the schedule of hazardous or extra hazardous employments.
There are several issues made up, on which you are to pass. I will briefly state the questions which arise on each, and leave the case with you.
1. The first issue presents the simple question, whether the policy is the deed of the defendants ? There is no dispute but this, issue must be found for the plaintiff.
2. The second issue raises the question, was the fire in the store of the plaintiff occasioned by his mere carelessness? The defendants have undertaken to prove this issue, and if they have failed to do so, your finding should be for the plaintiff, but if the fact is proven, you will find for the defendants.
3. The third issue presents this question, were there goods of any amount of the plaintiff consumed in the store? The plaintiff has the burthen of proving this issue to your satisfaction. You will apply the evidence to the question, and if satisfied any of the plaintiff’s goods were consumed, you should find this issue for the plaintiff, but if not, for the defendants.
4. Under the fourth issue you are to inquire whether the plaintiffs gave the defendants notice and due proof of loss sixty days before the 18th of September, 1830, the commencement of the suit. You will look to the plaintiff to satisfyyou of this issue, and if not satisfied of it, you should find for the defendants.
5. This issue presents two questions :
1st. Is a night auction more hazardous than a dry goods store?
2d. Were the plaintiff’s goods burnt by reason of the stores be *567 'ing used as a night auction ? The pleadings admit the store was tused as a night auction. You need not look to the schedule to see if a night auction be included in the schedule of hazardous trades, *for the parties have made up the issuefor you to find the fact, [551 and you must decide it on the evidence you have. The burthen of proving the question arising on this issue is with the defendants.
N. Wright now moved for a new trial,
Because the verdict is against evidence, and because of newly ^discovered evidence.
Affidavits were filed of sundry new circumstances, tending to establish the fact of a fraudulent destruction of the goods by the plaintiff, and of his withdrawal of many of them from the store before the fire.
If any one of the issues are with the defendants you need not trouble yourselves with the amount of damages; but if all are with the plaintiff, then he has a right to recover one-fourth of the amount of goods lost, if the whole loss does not exceed $8,000, the whole sum insured, with interest from a period of sixty days after motice and proof to the company of the loss.
Verdict for the plaintiff, $2,500.
WRIGHT, J. It is a well settled rule that for newly discovered evidence on facts which were controverted at the trial the verdict will not be set aside. When this motion was first submitted, we were impressed with the opinion the affidavits disclosed only facts of this character, as fraud was one of the matters litigated before the jury. Reflection has raised a doubt in this application, and we are now induced to entertain the motion. The evidence was such as to raise a strong suspicion that all was not as it should be with the plaintiff in reference to this fire; yet we could not say the verdict was so palpably against evidence, as to be set aside on that ground. The facts now disclosed are cumulative to establish the fraud, though not upon any one fraudulent fact before submitted to the jury — they are new facts and circumstances. The fraud was •sought to be established by circumstances. The allegation of fraud •supposes an effort on the part of the fraudulent actor to preserve the appearance of honesty. It is difficult to unravel a fraudulent web, and greater latitude in evidence is allowed in such cases from necessity.
Upon the whole, we order the verdict set aside and a new trial, if the defendants pay the costs in sixty days, if not, the judgment to remain.
*568 [Notice of subsequent insurance shown by parol, distinguished;: Madison Ins. Co. v. Fellowes, 1 Disney, 217, 228.
Form of motion for new trial for newly discovered evidence; Moore v. Coates, 35 O. S. 177, 182.]